Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50120 | **DATE** | 8/17/2001 |
| **CASE TITLE** | Nutmeg Insurance Co. vs. Winnebago County Forest Preserve District et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motions to dismiss under Rules 12(b)(1), (7) and for judgment on the pleadings under Rule 12(c); Plaintiff's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' Rule 12(b)(1) motion is denied; the court, however, orders a stay of all further proceedings in this case pending the outcome of the underlying state court action in the case of Jenkins et al. v. Maynard et al., No. 96 L 287, currently pending in the Circuit Court of Winnebago County. All other pending motions in this case are denied without prejudice. The parties are directed to file a written status report regarding the status of the state court action with Magistrate Judge Mahoney once every 90 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | AUG 20 2001 | 33 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 8-17-01 | |
| /LC6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

(Reserved for use by the Court)

Plaintiff, Nutmeg Insurance Company ("Nutmeg"), has filed this declaratory judgment action under 28 U.S.C. § 2201 against defendants, Winnebago County Forest Preserve District ("Forest Preserve") and Bradley D. Maynard. As Nutmeg is incorporated with its principal place of business in Connecticut, the Forest Preserve is an Illinois municipal corporation with its principal place of business in Illinois and Maynard is an Illinois resident, and the amount in controversy is alleged to exceed $75,000, diversity jurisdiction is proper under 28 U.S.C. § 1332. Venue is also proper under 28 U.S.C. § 1391(a). In this order, the court takes up defendants' motion to dismiss for lack of jurisdiction, filed pursuant to Fed. R. Civ. P. 12(b)(1),[1] and finds that it is dispositive of all the remaining motions.[2]

Nutmeg is the Forest Preserve's excess liability insurance carrier. Its policy with the Forest Preserve essentially provides that it is not required to pay unless the Forest Preserve's liability exceeds $250,000. On September 22, 1995, a family of five ("the Jenkins") was involved in an auto accident with a Forest Preserve employee (Maynard) operating a car owned by the Forest Preserve. Two of the Jenkins died while the other three suffered various injuries from the collision. Eventually the Jenkins filed suit against the Forest Preserve in an Illinois state court, alleging wrongful death and negligence. At some point during the litigation, the Forest Preserve tentatively agreed to settle the case for $100,000, on the condition that Nutmeg pick up the tab. The Jenkins apparently accepted the offer, but Nutmeg balked and told the Forest Preserve it would not pay the $100,000 because it fell within the Forest Preserve's "self-insured retention" limit of $250,000. The Forest Preserve's Board of Commissioners ultimately did not approve the settlement. A few months later the Jenkins offered to settle for $90,000, but the Forest Preserve rejected that offer as well. Nutmeg then brought the present action, seeking a declaration that it is no longer required to provide coverage under the policy because the Forest Preserve breached its duty under the policy to exercise good faith in settling claims against it when it refused to approve either settlement offer.

In its Rule 12(b)(1) motion, the Forest Preserve argues Nutmeg lacks standing to bring this declaratory judgment action because there is as yet no judgment in the underlying state court action, let alone one that exceeds the policy's $250,000 limit. As a result, the Forest Preserve believes Nutmeg has not suffered any injury in fact or, put another way, that the case is not ripe for review. Although a close call, the court disagrees. In Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677 (7th Cir. 1992), the plaintiff in an underlying negligence suit brought a declaratory judgment action against the excess insurer of the defendant in the underlying action. The plaintiff sought a declaration that, if it prevailed against the defendant in the underlying case, then the excess insurer would indemnify the defendant up to the policy limits. At the time the plaintiff filed for declaratory judgment, the underlying action was still pending and awaiting trial. In spite of this, the Seventh Circuit found the plaintiff had presented an actual case or controversy under Article III. The court noted there was a possibility that the plaintiff's declaratory judgment action would become moot if it lost its suit against the defendant in the underlying action, but it held the probability that the plaintiff would recover a judgment in excess of the insurer's policy limits was not "so slight that [plaintiff] has nothing practical at stake in this case." Id. at 681.

The same is equally true here. On the one hand, the fact that the Jenkins were willing to accept $90,000 to settle their claims against the Forest Preserve is at least some indication that the Forest Preserve's liability will not exceed the $250,000 policy limit. However, there could be any number of reasons why the Jenkins were willing to settle for that amount, none of which may have anything to do with the Forest Preserve's actual liability. In an accident in which two family members died and the other three suffered serious injuries, the prospect of a judgment against the Forest Preserve in excess of $250,000 is certainly not "so slight" that Nutmeg "has nothing practical at stake in this case." As a result, the court finds Nutmeg has standing to maintain the present action.[3]

That said, as Nutmeg itself recognizes, the Bankers Trust court further suggested that, in this type of situation, where there is no judgment yet in the underlying action, it is within the district court's discretion to stay the case pending the outcome of that underlying suit. See id. at 682. This is in keeping with a district court's traditional discretion in providing declaratory relief and to avoid issuing what would amount to an advisory opinion should it turn out that any judgment not exceed the policy limits. See id. In other words, were the Forest Preserve to be found liable or settle for anything less than $250,000, the present case would indisputably become moot. For that reason, the court stays any further proceedings in this case pending the outcome of the underlying litigation between Jenkins and the Forest Preserve.

For the reasons stated above, the court denies defendants' Rule 12(b)(1) motion but orders a stay of all further proceedings in this case. All other pending motions, including defendants' motion to dismiss under Rule 12(b)(7) and for judgment on the pleadings under Rule 12(c), and Nutmeg's motion for summary judgment, are denied without prejudice.

---

[1] After ordering further briefing on the Rule 12(b)(1) motion, Nutmeg submitted a timely response brief but defendants' have not filed a reply brief by their August 13 deadline.

[2] Nevertheless, the court has gleaned most of the facts recited in this order from the parties' statements of facts filed in conjunction with the motion for summary judgment.

[3] Nutmeg also argues that the Forest Preserve admitted in its Answer to Nutmeg's complaint that an "actual and justiciable controversy exists." However, it is axiomatic that the parties cannot confer jurisdiction upon a federal court either by stipulation or other means, see Sosna v. Iowa, 419 U.S. 393, 398 (1975), and the court must independently satisfy itself that federal jurisdiction is proper.